## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-cv-21839-CIV-SCOLA/GOODMAN

POONAM BAKSHI,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____/

### REPORT AND RECOMMENDATIONS ON PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES

In this maritime personal injury case, Poonam Bakshi ("Plaintiff" or "Bakshi") filed a Motion to Strike Defendant's Affirmative Defenses. [ECF No. 17]. Carnival Corporation ("Carnival" or "Defendant") filed an opposition response [ECF No. 19] and Plaintiff filed an optional reply [ECF No. 20].

United States District Judge Robert N. Scola, Jr. referred to the Undersigned Plaintiff's motion "for a report and recommendations, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules." [ECF No. 18].

For the reasons discussed below, the Undersigned **respectfully recommends** that the District Court **grant in small part and deny in large part** Plaintiff's motion.

## I.   Background

Bakshi seeks compensation for injuries she allegedly suffered as a passenger aboard the Carnival *Freedom*, a vessel operated by Defendant. [ECF No. 1, ¶¶ 7-9, 16]. She asserts in her Complaint that she "sustained injury to the left knee/leg when a fellow passenger lost his balance and fell onto her hard" and "[a]fter this heavy-set passenger knocked Plaintiff to the ground, as he got up, he rolled over her left knee/leg." *Id.* at ¶ 17.

Defendant's medical team transported Plaintiff by wheelchair to the ship's infirmary. *Id.* at ¶ 18. Plaintiff alleges that:

> 19.    In Defendant's infirmary, [she] came under the care of Defendant's Ship's Physician Milagros Delgado, who ordered x-rays of Plaintiff's left knee/leg. **Dr. Delgado advised (and documented) Plaintiff that the x-rays revealed no fracture, provided her with analgesics for pain, and specifically recommended to Plaintiff that she walk. No immobilization of the leg/knee was performed and no instruction to remain non-weight bearing was given.** Later that evening, during a call with Plaintiff's family, **Dr. Delgado again recommended and encouraged Plaintiff to continue to walk on the leg and to visit her physician back home if the pain and swelling did not subside in a week; again, no instruction to remain non-weight bearing was given**.

> 20.    In Defendant's infirmary, Plaintiff came under the care of Defendant's Ship's Medical Staff, including Nurses McIntyre and Arun, who **repeated to Plaintiff and her daughter that the x-rays revealed no fracture and that Plaintiff should walk; no instruction to remain non-weight bearing was given**.

*Id.* at ¶¶ 19-20 (emphasis added).

When Bakshi returned home, she:

> was seen by an Orthopaedic Surgeon who advised and opined that, contrary to Dr. Delgado's diagnosis, **Plaintiff had sustained a fracture of**

**the tibial plateau and should never have been instructed to walk on the left leg as this made the injury worse**. In fact, Plaintiff should have been specifically instructed to remain non-weight bearing.

*Id.* at ¶ 22 (emphasis added).

Carnival responded to Plaintiff's Complaint [ECF No. 1] by filing Defendant's Answer and Affirmative Defenses [ECF No. 13]. In this pleading, Carnival raised Affirmative Defenses A through O. *Id.*

Plaintiff now seeks to strike Affirmative Defenses: A-C, E-F, I, and L-N. [ECF No. 17].[1] She argues that Defendant's affirmative defenses are "recycled, canned, and formulaic" and "several of the [a]ffirmative [d]efenses lack the requisite factual support and/or are not cognizable as a matter of law." *Id.* at 2.

Carnival opposes the motion. [ECF No. 19]. It argues that the challenged affirmative defenses are: "(1) either legally valid or should be treated as specific denials; and (2) are sufficient to put Plaintiff on notice of Carnival's defenses pursuant to Federal Rule of Civil Procedure 8(b)(1)(A)." *Id.* at 1. Carnival's response further states that it

---

[1]    Plaintiff includes Affirmative Defense K in the list of affirmative defenses she is seeking to strike. [ECF No. 17, p. 2 ("WHEREFORE, Plaintiff, POONAM BAKSHI, respectfully moves the Court for entry of an Order striking Defendant's Affirmative Defense Nos. [sic] A, B, C, E, F, I, **K**, L, M, and N." (emphasis added))]. But Plaintiff does not discuss Affirmative Defense K in the body of her motion.

Because Plaintiff did not raise any specific argument for striking Affirmative Defense K, the Undersigned will not consider Affirmative Defense K in this Report and Recommendations. *See Hamilton v. Southland Christian Sch., Inc.,* 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it.").

"agrees to withdraw Affirmative Defenses F and I." *Id.* at 1, n.1. Therefore, Affirmative Defenses F and I are **withdrawn** and the Undersigned will not discuss these two affirmative defenses further in this Report and Recommendations.

## II.    Legal Standard

The Court, either on its own or on a motion made by a party, is permitted to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(1)-(2). "Courts 'have broad discretion when considering a motion to strike,' however, 'striking defenses from a pleading' remains a 'drastic remedy to be resorted to only when required for the purposes of justice' and only when the stricken material has 'no possible relation to the controversy.'" *FAST SRL v. Direct Connection Travel, LLC*, 330 F.R.D. 315, 317 (S.D. Fla. 2018) (quoting *Guarantee Ins. Co. v. Brand Mgmt. Serv., Inc.*, No. 12-61670, 2013 WL 4496510, at *2 (S.D. Fla. Aug. 22, 2013)).

There is a split among the district courts in this Circuit regarding the proper pleading standard for an affirmative defense. *See Jennings v. Carnival Corp.*, No. 22-CV-20205, 2022 WL 1913249, at *2 n.2 (S.D. Fla. May 17, 2022), report and recommendation adopted, No. 1:22-CV-20205, 2022 WL 1908949 (S.D. Fla. June 3, 2022) (recognizing split in authority "regarding the pleading standard required for affirmative defenses"); *Thompson v. Carnival Corp.*, No. 20-22217-CIV, 2021 WL 7542956, at *2 (S.D. Fla. May 24, 2021) ("Before we consider the merits of the motion to strike, Plaintiff argues that *Twombly*

applies to affirmative defenses. We acknowledge that there is a split of authority in the Eleventh Circuit on the question presented."); *Andean Life, LLC v. Barry Callebaut U.S.A. LLC*, No. 20-20765-CIV, 2020 WL 1703552, at *2 (S.D. Fla. Apr. 8, 2020) ("[N]o United States Court of Appeals has decided the question on whether the plausibility standard enunciated in *Twombly* and *Iqbal* applies to affirmative defenses[.]"); *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716-CIV, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013) ("Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion.").

Judge Scola has determined that *Twombly* does **not** apply to the pleading of affirmative defenses. *See Brito v. Palm Springs Mile Assocs., Ltd.*, Case No. 20-24701-CIV, 2021 WL 2634863, at *1 (S.D. Fla. Feb. 3, 2021) (Scola, J.) ("An affirmative defense is sufficient as long as it provides the opposing party with notice of an additional issue (not directly related to liability) that may be raised at trial so that the opposing party can litigate the new issue."); *Gonzalez v. Scottsdale Ins. Co.*, No. 20-20747-CIV, 2020 WL 1891328, at *1 (S.D. Fla. Apr. 16, 2020) (Scola, J.) ("The *Twombly/Iqbal* jurisprudence does not govern affirmative defenses."); *Doral Boulevard Hotel, LLC v. Hartford Steam Boiler Inspection & Ins. Co.*, No. 16-20697-CIV, 2016 WL 8793344, at *1 (S.D. Fla. May 23, 2016) (Scola, J.) (same).

Instead, a defendant need only "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). It is sufficient that "the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988). Therefore, a defendant is not obligated to "set forth detailed factual allegations" so long as the defendant "give[s] the plaintiff 'fair notice' of the nature of a defense and the grounds on which it rests." *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 682 (S.D. Fla. 2015) (quoting *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013)).

III.   **Analysis**

Still at issue are Carnival's Affirmative Defenses A-C, E, and L-N. [ECF No. 17]. The Undersigned will address these affirmative defenses below.

<u>**Affirmative Defense A**</u>

In Affirmative Defense A, Carnival avers that: "This action is governed by and subject to the terms, limitations and conditions contained within the Plaintiff's Passenger Ticket Contract." [ECF No. 13, p. 4].

Plaintiff contends that this affirmative defense must be stricken because she has asserted negligence claims (not breach of contract claims) and therefore this affirmative defense "'can have no possible bearing upon the subject matter of the litigation.'" [ECF No. 17, p. 5 (quoting *Pujals v. Garcia*, 777 F. Supp. 2d 1322, 1329 (S.D. Fla. 2011))].

Carnival responds that "[it] is not alleging Plaintiff is <u>precluded</u> from bringing this action based on the Passenger Ticket Contract" but rather that "the instant lawsuit is <u>governed by</u> the terms, limitations, and conditions contained with the Passenger Ticket Contract." [ECF No. 19, p. 5]. It notes that the parties are still in the early stages of discovery and it "is presently without additional facts as to which of the provisions Plaintiff may not have complied with." *Id.*

In her reply, Bakshi reiterates that "no portion of Plaintiff's Complaint sounds in contract and this defense, legally, is impertinent." [ECF No. 20, p. 2]. She disputes Defendant's claim that additional discovery is needed because "which of the provisions Plaintiff may not have complied with . . . would be matters squarely within Defendant's knowledge and province." *Id.* (internal quotation marks omitted). She further states that "it is well settled that discovery may not be used as a substitute for proper investigation of facts in support of a pleading." *Id.* (citing *Sovereign Bonds Exch. v. Fed. Republic of Germany*, Case No. 10-21944-Altonaga, ECF No 134, p. 2, (S.D. Fla. Aug. 9, 2011); *Christie v. Royal Caribbean Cruises Ltd.*, Case No. 20-Civ-22439-Scola, ECF No. 33, (S.D. Fla. Oct. 21, 2020)).

But neither *Sovereign Bonds Exch.* nor *Christie* address affirmative defenses. Those decisions concerned *plaintiffs* seeking to conduct discovery before amending a *claim*. In *Christie*, for instance, Judge Scola explained:

> The Court also notes that the [p]laintiff requested "the opportunity to **conduct discovery before amending his complaint** so that he may plead

his claims for negligent hiring, selection, retention, monitoring and training with the benefit of [Royal Caribbean's] employment files for the medical staff at issue." The Court denies this request. The **[p]laintiff** is "seeking to change the logical sequence of litigation" and "seeks discovery to learn whether it may be able to assert a valid **claim**." *Sovereign Bonds Exch. v. Fed. Republic of Ger.*, No. 10-219440-Civ., 2011 WL 13100214, at *1 (S.D. Fla. Aug. 9, 2011) (Altonaga, J.) (internal quotations omitted). The Eleventh Circuit has repeatedly instructed that **facial challenges to a *claim*, such as a motion to dismiss, must be resolved before discovery begins**. *Id.* (discussing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). Parties may not file insufficient **complaints** with the hopes of receiving discovery to make them sufficient. *Id.* at *2.

[ECF No. 33, p.11 in Case No. 20-cv-22439-RNS (record citation omitted; emphasis added)].

In the context of motions to strike *affirmative defenses* (or mislabeled denials), however, Defendant's argument about the need for additional discovery has merit. *See, e.g., Gonzalez v. Scottsdale Ins. Co.*, No. 20-20747-CIV, 2020 WL 1891328, at *2 (S.D. Fla. Apr. 16, 2020) (Scola, J.) (declining to strike affirmative defense because "[the insurance policy] provision ha[d] a 'possible relation' to this case since ***it could become known during discovery* that a system or appliance caused part of the damage, and therefore striking the defense [was] inappropriate**" and noting that "courts generally allow contract exclusions or limitations that could limit a plaintiff's claims to be pled as affirmative defenses") (quoting *JazAtlanta 519 LLC v. Beazley Underwriting, Ltd.*, 2018 WL 4743634, *1 (S.D. Fla. Oct. 2, 2018) (emphasis added)); *TRG Oasis (Tower One), Ltd. v. Crum & Forster Specialty Ins. Co.*, No. 22-21346-CIV, 2022 WL 4631917, at *4 (S.D. Fla. Sept. 14, 2022), report and recommendation adopted, No. 22-21346-CIV, 2022 WL 4599056 (S.D. Fla. Sept.

30, 2022) (Scola, J.) ("At this early stage of the case, it would be unreasonable to require a litigant to support policy exclusion-based defenses with detailed and specific factual assertions **which may be established later on in discovery**. If, after the close of discovery, [the] [p]laintiffs believe there is no evidence to support a particular defense, then they can challenge it at the summary judgment stage." (emphasis added)).

In *Wyne v. Carnival Corp.*, Judge Scola declined to strike a similar affirmative defense. In *Wyne*, Carnival averred as follows: "This action is governed by and subject to the terms, limitations, and conditions contained in the ticket contract. Carnival adopts and incorporates by reference same herein in their entirety." No. 22-21638-CIV, 2022 WL 6127876, at *2 (S.D. Fla. Oct. 7, 2022).

> Judge Scola reasoned that the:
>
> affirmative defense function[ed], at worst, as a denial of the [p]laintiff's claims through its reference to the ticket contract's terms. Therefore, **the appropriate remedy [was] not to strike the third affirmative defense, but to treat it as a specific denial**. *Isola Condo. Assoc., Inc. v. Rockhill Ins. Co.*, No. 21-23114-CIV, 2021 WL 6066126, at *2 (S.D. Fla. Nov. 15, 2021) (Goodman, Mag. J.) ("When this occurs, the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial.") (brackets in original).

*Wyne v. Carnival Corp.*, No. 22-21638-CIV, 2022 WL 6127876, at *2 (S.D. Fla. Oct. 7, 2022); *see also Jackson v. Carnival Corp.*, No. 22-CV-23992-CIV, 2023 WL 2631460, at *4 (S.D. Fla. Mar. 24, 2023) (Goodman, M.J.) (refusing to strike similar affirmative defense, noting that "[t]his affirmative defense, **although lacking factual detail**, suffices to put [the] [p]laintiff on notice that Carnival intends to argue that [the] [p]laintiff did not abide by the terms of

the ticket contract. If Carnival is unable to present any evidence to support this affirmative defense, then [the] [p]laintiff can move for summary judgment on the issue." (emphasis added)).

The Undersigned acknowledges the cases cited by Plaintiff which have stricken this type of affirmative defense. Nonetheless, consistent with Judge Scola's ruling in *Wyne*, the Undersigned **respectfully recommends** that Judge Scola **decline to strike** Affirmative Defense A.

### Affirmative Defense B

In Affirmative Defense B, Carnival states:

> Defendant fully discharged its duty to act reasonably under the circumstances in that it adhered to the guidelines for onboard medical facilities recommended by the American College of Emergency Physicians. Furthermore, Plaintiff was provided access to a licensed physician aboard the vessel who rendered reasonable medical care and appropriately counseled Plaintiff.

[ECF No. 13, p. 4].

Plaintiff seeks to strike Affirmative Defense B solely on the ground that it "is effectively . . . a denial of the allegations in Plaintiff's Complaint and not truly an [a]ffirmative [d]efense." [ECF No. 17, p. 6]. Defendant argues that "[t]his Court should treat Affirmative Defense B as a denial and decline to strike it." [ECF No. 19, p. 6].

The Court should decline to strike Affirmative Defense B on this ground. As explained in *Isola Condo. Ass'n, Inc. v. Rockhill Ins. Co.*:

Federal Rule of Civil Procedure 12(h)(2)(A) allows "[f]ailure to state a claim upon which relief can be granted . . . [to] be raised in any pleading allowed or ordered under Rule 7(a)." Fed. R. Civ. P. 12(h)(2)(A); *see also* Fed. R. Civ. P. 7(a) (including "an answer to a complaint" as an allowable pleading). However, this type of negative averment, while permissible, is not an affirmative defense. *Flav–O–Rich, Inc. v. Rawson Food Serv., Inc. (In re Rawson Food Serv., Inc.)*, 846 F.2d 1343, 1349 (11th Cir. 1988) (a defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense).

**"When this occurs, the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial."** *Home Mgmt. Solutions, Inc. v. Prescient*, Inc., No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) (citing *Ohio Nat'l Life Assur. Corp. v. Langkau*, No. 3:06-CV-290-J-20MCR, 2006 WL 2355571, at *2 (M.D. Fla. Aug. 15, 2006)); *see also Ohio Nat'l Life Assur. Corp. v. Langkau*, 2006 WL 2355571, at *1–2 (M.D. Fla. Aug. 15, 2006) ("The federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled. This is amply demonstrated by the fact that research has not revealed a single reported decision since the promulgation of the federal rules in which an erroneous designation resulted in any substantial prejudice to the pleader.").

No. 21-23114-CIV, 2021 WL 6066126, at *2 (S.D. Fla. Nov. 15, 2021), report and recommendation adopted, No. 21-23114-CIV, 2021 WL 6062911 (S.D. Fla. Dec. 22, 2021) (Scola, J.) (emphasis added); *see also Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 691 (S.D. Fla. 2013) ("When an affirmative defense is mislabeled and is more properly a denial, **the Court should not strike the claim but should treat it as a specific denial**." (emphasis added)).

The Undersigned **respectfully recommends** that Judge Scola **decline to strike** Affirmative Defense B.

<u>**Affirmative Defenses C, E, L, and M**</u>

Next, Plaintiff seeks to strike Affirmative Defenses C, E, L and M because: (1) they are "only denials of the allegations in Plaintiff's Complaint and not truly an [a]ffirmative [d]efenses [sic]"; and (2) they lack factual support. [ECF No. 17, pp. 6-7]. Plaintiff asserts that "Defendant points to no facts or evidence in support [of these affirmative defenses] . . . and Plaintiff should not be left to guess." *Id.* at 7.

First, the Court should decline to *strike* these affirmative defenses on the ground that they are mere denials. *See Losada*, 296 F.R.D. at 691 (S.D. Fla. 2013) ("When an affirmative defense is mislabeled and is more properly a denial, **the Court should not strike the claim but should treat it as a specific denial**." (emphasis added)). Second, and as discussed in more detail below, these affirmative defenses should not be stricken on the ground that they lack factual support.

<u>**Affirmative Defense C**</u>

Affirmative Defense C reads as follows: "Plaintiff's damages were caused or exacerbated as a result of intervening and superseding factors that are independent of any fault of Defendant and which were not reasonably foreseeable to it." [ECF No. 13, p. 4].

Defendant is not required to plead specific facts nor to admit liability in order to raise this defense. At worst, the affirmative defense functions as a denial. Therefore, the Court should **deny** Plaintiff's request to strike this affirmative defense. *See Wyne*, 2022

WL 6127876, at *3 (declining to strike affirmative defense which asserted, in its *entirety*, that "[t]he incident and injuries alleged in the amended [c]omplaint were the result of intervening and unforeseeable causes for which Carnival had no duty to protect [the] [p]laintiff from" because it "functions, at worst, as a denial of the allegation that the [p]laintiff was owed a duty of care by the [d]efendant").

### Affirmative Defense E

In Affirmative Defense E, Carnival states that: "Plaintiff has a duty to mitigate the losses or damages claimed against Defendant by taking advantage of any reasonable opportunity that might exist under the circumstances to reduce or minimize the loss or damage." [ECF No. 13, p. 4].

Plaintiff states that "Affirmative Defense E is but a statement of law and not a defense" because "Defendant does not aver that Plaintiff has failed to mitigate losses or damages." [ECF No. 17, p 7]. Defendant responds that "[t]his affirmative defense puts Plaintiff on notice of Defendants' intention to assert this defense **should records produced in discovery support it**." [ECF No. 19, p. 9 (emphasis added)].

In *Wyne*, Judge Scola declined to strike a failure to mitigate affirmative defense, which asserted that: "[the] [p]laintiff failed to mitigate her damages, if any, thus precluding or diminishing [the] [p]laintiff's recovery herein to the extent such mitigation would have diminished or avoided [the] [p]laintiff's alleged losses or injuries." 2022 WL 6127876, at *2 (some alterations in original).

13

Judge Scola reasoned that this:

> affirmative defense sufficiently places [the plaintiff] on notice of the arguments that Carnival intends to make at trial. First, the defense by necessity admits the essential elements of the complaint because it assumes that [the plaintiff] is entitled to damages. Second, **this defense is stated in a manner that provides sufficient notice of Carnival's intent to argue the defense of failure to mitigate damages at trial**. *Melaih v. MSC Cruises, S.A.*, No. 20-61341-Civ, 2021 WL 3727837, at *5 (S.D. Fla. July 27, 2021) (Valle, Mag. J.), report and recommendation adopted, *Melaih v. MSC Cruises, S.A.*, No. 20-61341-Civ, 2021 WL 3726210, at *1 (S.D. Fla. August 23, 2021) (Smith, J.).

*Id.* (emphasis added).

Here, Defendant has placed Plaintiff on notice that -- should the facts disclosed in discovery support it -- it intends to argue that Plaintiff failed to mitigate her damages. This affirmative defense is legally sufficient because it puts Plaintiff on notice. *See, e.g.*, *Lebron v. Royal Caribbean Cruises, Ltd.*, No. 16-24687-CIV, 2017 WL 7792720, at *4 (S.D. Fla. Aug. 18, 2017), report and recommendation adopted, No. 16-24687-CIV, 2017 WL 7803805 (S.D. Fla. Sept. 27, 2017) (finding that the failure to mitigate damages was an adequate affirmative defense without additional facts because it placed the plaintiff on notice); *Incardone v. Royal Caribbean Cruises*, Ltd., No. 16-20924-CIV, 2019 WL 2709810, at *10 (S.D. Fla. June 28, 2019) report and recommendation adopted, No. 16-20924-CIV, 2019 WL 8989849 (S.D. Fla. Oct. 1, 2019) (finding failure to mitigate affirmative defense which did not include any additional facts sufficient because "[g]iven the nature of the defense, the absence of evidence from [the defendant] about what [the] [p]laintiffs failed to do is not the type of defense which should be stricken").

**Affirmative Defense L**

In Affirmative Defense L, Carnival avers that: "Plaintiff's damages, if any, were solely and proximately caused by an intervening and/or superseding medical condition or event, which was not itself the result of any negligence on the part of this Defendant and, accordingly, recovery against this Defendant must be denied." [ECF No. 13, p. 6].

"Under general federal maritime law, a superseding cause defense, if successful, completely exculpates the defendant of any liability in the matter." *Wiegand v. Royal Caribbean Cruises Ltd.*, 473 F. Supp. 3d 1348, 1352 (S.D. Fla. 2020) (citing *Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830, 837-838 (1996)). This affirmative defense is proper because it puts Plaintiff on notice regarding the issue of causation and evidence supporting this affirmative defense would likely be within Plaintiff's own medical records.

**Affirmative Defense M**

Affirmative Defense M states:

> Plaintiff's damages were the result of a pre-existing injury/condition. Assuming, arguendo, that any pre-existing mental or physical injury or illness was aggravated by any alleged incident herein, for which this Defendant expressly denies any responsibility, [ ] Plaintiff is only entitled to reimbursement for the degree of aggravation and any and all recovery obtained herein must be reduced to the percentage of aggravation which [ ] Plaintiff allegedly suffered as a result of the subject incident.

[ECF No. 13, p. 6].

In *Wyne*, Judge Scola refused to strike a nearly identical affirmative defense, stating:

15

Carnival's sixth affirmative defense reads, in whole, as follows: the "[p]laintiff's injuries, if any, are the result of a pre-existing injury or condition that was not aggravated by the alleged accident claimed herein. Alternatively, if any pre-existing injury or condition was aggravated by any actions alleged in the Compl[ai]nt, then [the] [p]laintiff is only entitled to recovery for the damages resulting from the aggravation."

***

**The Court declines to strike the sixth affirmative defense**. As with the fifth affirmative defense, **the sixth affirmative defense does admit the complaint's essential facts and sufficiently places [the plaintiff] on notice of the arguments that Carnival intends to make at trial**. *Melaih*, 2021 WL 3727837, at *5. The defense also comports with the Eleventh Circuit's decision in *Wilkinson v. Carnival Cruise Lines, Inc.* and the terms of Florida Jury Instruction 501.5(a).1 920 F.3d 1560, 1569 (11th Cir. 1991).

2022 WL 6127876, at *3 (record citations omitted; emphasis added).

This affirmative defense is proper because it puts Plaintiff on notice regarding a pre-existing injury or condition and any evidence supporting this affirmative defense would be within Plaintiff's own medical records. *See Lebron*, 2017 WL 7792720, at *5 (refusing to strike affirmative defense averring "the presence of a pre-existing injury" as lacking any factual basis or support because "[t]hrough the discovery process both [p]arties no doubt will have the opportunity to uncover [the] [p]laintiff's pre-existing injuries, if any, and will be able to argue the relevance of those injuries to the action at bar").

In sum, the Undersigned **respectfully recommends** that Judge Scola **decline to strike** Affirmative Defenses C, E, L, and M.

**Affirmative Defense N**

In Affirmative Defense N, Carnival avers that: "Plaintiff's damages were caused in whole **or in part** by the action and/or inaction of third parties for whom this Defendant is not responsible for, including but not limited to any and all healthcare providers who rendered treatment to Plaintiff before the subject cruise and/or after the subject cruise." [ECF No. 13, p. 6 (emphasis added)].

Plaintiff argues that this affirmative defense must be stricken because "the Florida-law concept of a *'Fabre Defendant'* [2] does not apply under maritime law and, in fact, directly conflicts with and violates general maritime law." [ECF No. 17, p. 11 (emphasis in original; footnote added)].

---

[2]      As explained in *Jackson*:

The *Fabre* doctrine comes from the Florida Supreme Court case *Fabre v. Martin*, 623 So. 2d 1182, 1185 (Fla. 1993), receded from on other grounds, *Wells v. Tallahassee Mem'l Reg'l Med. Ctr., Inc.*, 659 So. 2d 249 (Fla. 1995). For background, Florida's comparative fault statute provides "[i]n a negligence action, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability." Fla. Stat. § 768.81(3). The *Fabre* Court explained that damages must be "apportioned among all participants to the accident," regardless if said participant was joined as a defendant. 623 So. 2d at 1185. As such, "[d]amages from negligent acts may be apportioned among parties and nonparties to a case, provided that the defendant pleads the negligence of the nonparty as a defense and specifically identifies the nonparty." *Btesh v. City of Maitland, Fla.*, No. 6:10-cv-71-Orl-19DAB, 2011 WL 13298505, at *1 (M.D. Fla. Apr. 19, 2011) (citing *Nash v. Wells Fargo Guard Servs., Inc.*, 678 So. 2d 1262, 1264 (Fla. 1996)).

2023 WL 2631460, at *5.

Defendant contends that "this affirmative defense does not seek for the jury to apportion a percentage of fault to third parties. Rather, it is an affirmative denial of liability putting Plaintiff on notice that Defendant intends to argue others are responsible for her damages claim . . . . Defendant acknowledges it will be the only party on the jury verdict form, but through this affirmative defense places Plaintiff on notice of its intent to raise the argument that others are responsible for her damages – not Defendant." [ECF No. 19, p. 10].

But as pled, Affirmative Defense N, *does* seek to apportion fault -- "Plaintiff's damages were caused in whole **or in part** by the action and/or inaction of third parties for whom this Defendant is not responsible for, including but not limited to any and all healthcare providers who rendered treatment to Plaintiff before the subject cruise and/or after the subject cruise." [ECF No. 13, p. 6 (emphasis added)].

This is not permitted in federal maritime cases. *See Wiegand*, 473 F. Supp. 3d at 1351 ("It is erroneous to apportion fault between a party and a non-party in a federal maritime action, because determinations of liability and causation should be settled 'between two live opponents,' rather than by a plaintiff and a defendant, in the absence of the non-party to whom liability is being apportioned." (quoting *Groff v. Chandris, Inc.*, 835 F. Supp. 1408, 1410 (S.D. Fla. 1993)); *Melaih v. MSC Cruises, S.A.*, No. 20-CV-61341, 2021 WL 3731272, at *5 (S.D. Fla. July 27, 2021), report and recommendation adopted, No. 20-61341-CIV, 2021 WL 3726210 (S.D. Fla. Aug. 23, 2021) ("Florida's *Fabre* defense allowing apportionment of

liability to non-parties is not applicable in federal maritime actions. . . . Hence, that part of the Third Affirmative Defense that refers to the negligence of other persons, parties, or entities to reduce Defendant's liability is misplaced.").

Therefore, the Undersigned **respectfully recommends** that the District Court **grant in part** Plaintiff's motion and **strike** the impermissible "or in part" portion of Affirmative Defense N.

## IV.    Conclusion

The Undersigned **respectfully recommends** that Judge Scola **grant in part and deny in part** Plaintiff's motion to strike affirmative defenses [ECF No. 17]. The Court should **strike** the "or in part" portion of Affirmative Defense N. Plaintiffs motion should be denied in all other respects.

## V.    Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Robert N. Scola, Jr. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error

if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

      **RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on August 23, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All counsel of record